IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Shabazz Ahmed,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    1:08cv548 (CMH/TCB) |
| Eliza Willis,<br>    Defendant. | )<br>)<br>) |

FILED
JUN 27 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION AND ORDER

Shabazz Ahmed, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against Nottoway Correctional Center ("NCC") treatment supervisor Eliza Willis. Plaintiff has also filed an application to proceed in forma pauperis. Liberally construed, plaintiff's complaint suggests the following claims:

> 1. Defendant violated plaintiff's constitutional rights and rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by failing to place plaintiff's name on the "Ramadan Fasting list" after it had been removed, in retaliation for plaintiff's verbal complaints and grievances;
>
> 2. Plaintiff's grievances went unanswered or unresolved;
>
> 3. Plaintiff received a food tray with "spoiled and cold food items that smelled like feces," in violation of the Eighth Amendment.

After review of plaintiff's complaint, claims 2 and 3 will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Claim 1, which remains, does not conform to all

---

[1] Section 1915A provides:

(a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

requirements for § 1983 civil actions and plaintiff will be directed to provide additional information. Additionally, as plaintiff's application to proceed in forma pauperis is incomplete, additional information will be requested from his correctional institution.

I.

A. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be grated is determined by the "familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F.Supp. 2d 641, 642 (E.D.Va. 1998). To survive such a motion, a complaint must contain enough allegations of fact "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or plaintiff's "formulaic recitation" of the elements of a particular cause of action. Id. at 1965. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." Id. Where a plaintiff fails to "nudge [] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Id. at 1974 (emphasis added).

Additionally, a court may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F.Supp.2d 593, 596 (E.D.Va. 2004) (citing 5A Charles A Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)), cited

---

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

with approval in <u>Anheuser-Busch v. Schmoke</u>, 63 F.3d 1305, 1312 (4th Cir. 1995)). Moreover, where a conflict exists between the "bare allegations" of the complaint and any attached exhibit, the exhibit prevails. <u>Gulf Ins. Co.</u>, 313 F.Supp.2d at 596 (citing <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1465 (4th Cir. 1991)).

B. <u>Merits</u>

According to the complaint and accompanying exhibits, plaintiff was placed on NCC's "Ramadan Fasting list for Muslims" on August 7, 2007. On or around September 20, 2007, plaintiff's name was removed from the list. Plaintiff asserts that, subsequently, he filed a variety of grievances and informal complaints concerning his removal from the list. In claim 2, liberally construed, he complains that some of these complaints went unanswered, or were addressed in a way that plaintiff found unsatisfactory. Claim 2, however, does not state a claim for which relief can be granted in this § 1983 proceeding. To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42 (1988). The Constitution, however, "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state," <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994); <u>Mitchell v. Murray</u>, 856 F.Supp. 289, 294 (E.D.Va. 1994), and prison inmates have no constitutionally protected right to a grievance procedure. <u>Brown v. Dodson</u>, 863 F.Supp. 284, 285 (W.D.Va. 1994) (citing <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991)). Because a state's choice to provide prisoners with a grievance procedure confers no substantive right on a prison inmate, a prison official's improper handing of a grievance or failure to comply with the grievance procedure itself is not a claim that is actionable under § 1983. <u>See id.</u>;

Adams, 40 F.3d at 75; Mitchell, 856 F.Supp. at 294. Accordingly, even if NCC officials or other Virginia Department of Corrections ("VDOC") individuals failed to respond to plaintiff's grievances and complaints or responded to them in a manner dissatisfactory to the plaintiff, those failure do not amount to a claim for which relief can be granted in this § 1983 proceeding. Accordingly, claim 2 will be dismissed with prejudice for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

In claim 3, plaintiff complains that he received food or a food tray with "spoiled and cold food items that smelled like feces." Liberally construed, plaintiff asserts that this violates his right to be free from cruel and unusual punishment in violation of the Eighth Amendment. To establish a claim for cruel and unusual punishment, plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, that is, one causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). To satisfy the objective element of a conditions of confinement claim, the plaintiff must allege facts sufficient to show that he has sustained a serious or significant mental or physical injury as the result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (holding that a prisoner must show physical injury to maintain a civil action based upon inadequate nutrition).

"It is well-established that [prison] inmates must be provided with nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consumer it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980)) (internal quotations omitted). Allegations of inadequate prison food service may be sufficient to state a claim for relief under §

4

1983 if the deprivation at issue is serious. Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978). However, isolated instances of spoiled food or occasional and short-lived problems with prison food service are insufficient to state cognizable claims under the Eighth Amendment. See Bedell v. Angelone, No. 2:01cv780, slip op. at *14 (E.D.Va. Oct. 3, 2003) (holding that being served rotten food is unpleasant and unfortunate, but that plaintiff's claim did not rise to the level of a constitutional deprivation because plaintiff failed to show that such service resulted in a serious deprivation or that defendants were deliberately indifferent); Mayo v. Thompson, No. 85cv437 (E.D.Va. Mar. 6, 1986) (alleged deficiencies in inmate food qualify, such as rotten and spoiled food, do not normally amount to an unconstitutional infringement of rights absent a showing of illness and would certainly not amount to a violation of the Eighth Amendment as such deficiencies fall short of being "subhuman" conditions that "shock the conscience"); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11 Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.").

Applying these principles, the Court concludes that claim 3 fails to state a claim upon which relief can be granted in this § 1983 proceeding. First, there is no indication from the complaint that plaintiff has suffered any injury as a result of being given the food, much less an injury sufficiently serious to state a claim under the Eighth Amendment. Moreover, there is simply nothing in the complaint to suggest that defendant Willis or any other prison official was deliberately indifferent to plaintiff's right to receive nutritionally adequate food. That plaintiff was served on one occasion food items that were rotten and "smelled like feces," while unpleasant, is not a circumstance that rises to the level of a constitutional violation absent any indication of a serious deprivation or deliberate indifference. As plaintiff fails to allege facts sufficient to show these elements, claim 3

will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

## II.

As to remaining claim 1, plaintiff will be directed to provide additional information. As noted, plaintiff was placed on NCC's "Ramadan Fasting list for Muslims" on August 7, 2007. On or about September 20, 2007, plaintiff's name was removed from the list. It appears, based on the exhibits appended to the complaint, that plaintiff was removed from the list because he had previously refused two of the "Ramadan trays."[2]

Inmates retain protections under the First Amendment, which provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ...." U.S.Const. amend I.; see Cruz v. Beto, 405 U.S. 319, 322 (1977). To state a free exercise claim under the First Amendment, plaintiff must allege facts sufficient to show (1) that he holds a sincere belief that is religious in nature and (2) that prison regulations impose a substantial burden on his right to free exercise of religion. Hernandez v. Comm'r., 490 U.S. 680, 699 (1989). The Supreme Court has defined "substantial burden" in a variety of ways, including "putting substantial pressure on an adherent to modify his behavior and violate his beliefs," Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 717-18 (1981), and forcing an individual to "choose between following the precepts of [his] religion and forfeiting benefit, on the one hand, and abandoning one of the precepts of [his] religion ... on the other," Sherbert v. Verner, 374 U.S. 398, 404 (1963).

---

[2] Some of the exhibits attached to plaintiff's complaint suggest that he may have refused a food tray out of a concern for saving money. These exhibits suggest that because plaintiff was working in the prison mess hall during the preparation of a pre-dawn Ramadan meal and ate some of his meals in the hall, it wasteful for him to consume another morning meal brought to his cell. Other exhibits suggest that plaintiff's refusal stemmed from his dissatisfaction over what was served. In his response to this Order, plaintiff is directed to inform the Court why he refused the two "Ramadan trays."

6

However, inmates' constitutional rights must be valuated within the context of their incarceration, and the Supreme Court has long cautioned that "courts are ill equipped to deal with the increasingly urgent problems of prison administration." Procunier v. Martinez, 416 U.S. 396, 405 (1974). Accordingly, courts must afford deference to prison officials in their oversight and coordination of the prison and its many aspects and this deference is achieved in part through the application of a reasonableness test that is less restrictive than the test ordinarily used to evaluate alleged infringements of fundamental constitutional rights. O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Turney v. Safley, 482 U.S. 78, 84 (1987). A prison regulation that abridges an inmate's constitutional rights is "valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89.

Under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the government is prohibited from taking action that imposes a "substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that the imposition of that burden furthers a "compelling governmental interest" by the least restrictive means. 42 U.S.C. § 2000cc-1(a)(1)-(2). Although the RLUIPA does not define the term "substantial burden," the United States Court of Appeals for the Fourth Circuit has held that, under the RLUIPA, a "substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quoting Thomas, 450 U.S. at 718). Although the RLUIPA forbids court inquiry into the question of whether a particular belief or practice is "central" to a prisoner's religion, 42 U.S.C. § 2000cc-5(7)(A), only beliefs or practices that are both sincerely held and rooted in religious belief fall under the protection of the RLUIPA.

7

See Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005) (noting that under the RLUIPA, "prison officials may appropriately question whether a prisoner's religiosity, asserted as a basis for a request for accommodation, is authentic" and whether his "professed religiosity" is "sincere").

At present, claim 1 fails to state a claim for relief under the First Amendment or the RLUIPA. As an initial matter, the complaint fails to satisfy both the Amendment and the statute's requirement that his belief is both religious in nature <u>and</u> sincerely held. Plaintiff speaks of a "religious obligation" to fast, but nothing in the complaint speaks to the sincerity, if any, with which plaintiff holds his religious belief. Moreover, it is unclear, at present, how the acts or omissions alleged above imposed a "substantial" burden on plaintiff's free exercise of his religion. Plaintiff does not allege, for example, that being taken off the fasting list resulted in his being forced to eat foods that violated his religious beliefs and it is unclear how, if at all, being taken off the list forced plaintiff to modify his religious behavior. Plaintiff's dissatisfaction with the meals he was served during the Ramadan fast, without more, does not entitle him to relief. See, e.g., Ephraim v. Angelone, 313 F.Supp.2d 569, 579 (E.D.Va. 2003) (holding that simply feeling dissatisfied with the prison diet does not state a claim for which relief can be granted). Moreover, NCC officials were not required to provide plaintiff with special meals during Ramadan if plaintiff was able to maintain an adequate diet by choosing items from the available prison menu that did not offend his sincere religious beliefs. See Abernathy v. Cunningham, 393 F.2d 775, 778 (4th Cir. 1968). At present, claim 1 does not state a claim for relief under the First Amendment or the RLUIPA. However, because plaintiff is proceeding pro se, he will be directed to particularize and amend this claim.

Accordingly, it is hereby

ORDERED that claims 2 and 3 be and are DISMISSED WITH PREJUDICE for failure to

state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this Order; and it is further

ORDERED that the plaintiff is assessed a filing fee of $350.00 pursuant to 28 U.S.C. § 1914(a); and it is further

ORDERED that plaintiff either (1) pay the $350.00 filing fee or (2) complete the attached application to proceed in forma pauperis and Consent Form. If the Court grants plaintiff in forma pauperis status, plaintiff will be required to pay the filing fee in installments after first paying an initial filing fee. FAILURE TO PAY THE $350.00 FILING FEE OR TO RETURN THE COMPLETED ATTACHED FORMS WITHIN THIRTY (30) DAYS WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk request plaintiff's institution to provide an Inmate Account Report Form on plaintiff within thirty (30) days of the date of this Order; and it is further

ORDERED that plaintiff particularize and amend claim 1 within thirty (30) days of the date of this Order by (i) naming every person he wishes to include as a defendant; (ii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the injuries received, the reasons why he believes each defendant is liable to him, and the remedies sought. Specifically, plaintiff is directed to inform the Court a) whether his beliefs are sincerely held, b) and how, in accordance with the standards outlined above, the acts or omissions of prison officials substantially burdened his free exercise; and to submit one original amended complaint. Plaintiff must include his civil action number on the first

page of his amended complaint, and this amended complaint will serve as the sole complaint in this civil action; and it is further

ORDERED that, within thirty (30) days of the date of this Order, plaintiff complete and return the attached affidavit concerning his exhaustion of his institution's administrative grievance process; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately in the event he is transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order, the consent form, and the exhaustion affidavit to plaintiff and a copy of this Order and the Inmate Account Report Form to plaintiff's current institution of confinement.

Entered this 27th day of June 2008.

Alexandria, Virginia

/s/
Claude M. Hilton
United States District Judge